

*104907918S*

IN THE DISTRICT COURT OF OKLAHOMA COUNTY
STATE OF OKLAHOMA

| | |
|---|---|
| ALLISON B. BROWN, an Individual, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. CJ-2021-1404 |
| | ) |
| INTRUST BANK, N.A., a Kansas corporation; | ) |
| INTRUST FINANCIAL CORPORATION; | ) FILED IN DISTRICT COURT |
| a Kansas corporation; and | ) OKLAHOMA COUNTY |
| THOMAS O'KEEFE, in his Individual | ) |
| and Official Capacity; | ) MAR 31 2021 |
| | ) |
| Defendants. | ) RICK WARREN |
| | ) COURT CLERK |

## PETITION

COMES NOW the Plaintiff, Allison B. BROWN, for her causes of action in the above styled and numbered cause, and respectfully shows the Court as follows:

1. Plaintiff is and was at all times pertinent to this Petition a resident of Cleveland County of and within the State of Oklahoma.

2. Defendant INTRUST BANK, N.A. is and was at all times pertinent to the filing of this action a Kansas corporation with a principal place of business and/or corporate office in the City of Oklahoma City, Oklahoma County, State of Oklahoma.

3. Defendant INTRUST FINANCIAL CORPORATION is and was at all times pertinent to the filing of this action a Kansas corporation which owns and operates Defendant Intrust Bank, N.A., with a principal place of business located in the City of Oklahoma City, Oklahoma County, State of Oklahoma.

4. Defendant THOMAS O'KEEFE is, upon information and belief, a resident of Oklahoma County, State of Oklahoma, and is the President of the Intrust Bank, N.A.

Exhibit 1
Page 1 of 5

Oklahoma market.

5. The foregoing Defendants are hereafter collectively and interchangeably referred to as "Intrust Bank" or "Defendants."

## JURISDICTION AND VENUE

6. Jurisdiction of this Court is proper under OKLA. STAT., tit. 12, §2004(f); venue in this district is proper under OKLA. STAT., tit. 12, §§137 and 143.

## INTRODUCTORY STATEMENT OF THE CASE

7. Plaintiff is a former branch manager of an Intrust Bank banking facility. During the course of Plaintiff's employment at Intrust Bank, Plaintiff had no disciplinary history or other causes for employment reprimand. On or about May 24, 2017, Plaintiff attended a managers' meeting wherein Plaintiff and other managers were instructed to no longer refer otherwise qualified banking customers to an outside "Wealth Department" as a means to maintain banking funds within the bank, but to the financial detriment of the ill-informed banking customer. On or about April 1, 2019, Plaintiff was wrongfully and retaliatorily terminated and/or constructively discharged after critically questioning and reporting Defendants' fraudulent scheme. Plaintiff brings the instant suit for wrongful termination; bank fraud; and other applicable law as more fully set forth herein.

## FIRST CAUSE OF ACTION

### Violations of Racketeer Influenced and Corrupt Organizations Act ("RICO")

8. Plaintiff restates and incorporates herein by reference the preceding and subsequent allegations of this Petition.

9. The Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §1961, *et seq.* ("FLSA") proscribes certain "racketeering activity" as defined by law, *to wit*, it is unlawful

-2-

Exhibit 1
Page 2 of 5

for any person or organization to receive any income derived, directly or indirectly, from a pattern of racketeering activity in which such person has participated as a principal to use or invest, directly or indirectly, any part of such income, or the proceeds of such income, in acquisition of any interest in, or the establishment or operation of, any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce.

10. Plaintiff asserts that Defendants' fraudulent banking practices, as more fully set forth in Introductory Statement of the Case, above, constitutes violations of the RICO statutes and for which Plaintiff is entitled to recompense.

## SECOND CAUSE OF ACTION

### Wrongful Termination

11. Plaintiff restates and incorporates herein by reference the preceding and subsequent allegations of this Petition.

12. Plaintiff asserts that she was wrongfully terminated and/or constructively discharged from her employment with Defendants as a direct result of her criticisms and complaints about Defendants' fraudulent banking practices, and for which Plaintiff is entitled to recompense.

## THIRD CAUSE OF ACTION

### Retaliatory Discharge

13. Plaintiff restates and incorporates herein by reference the preceding and subsequent allegations of this Petition.

14. Plaintiff asserts that Defendants retaliatorily discharged Plaintiff for engaging in protected activity, *to wit*, Defendants retaliatorily and constructively discharged Plaintiff in direct retaliation for Plaintiff's criticisms and complaints regarding Defendants' fraudulent banking

practices, and for which Plaintiff is entitled to recompense.

## FOURTH CAUSE OF ACTION

### Negligent Infliction of Emotional Distress

15. Plaintiff restates and incorporates herein by reference the preceding and subsequent allegations of this Petition.

16. Defendants' conduct, as more fully set forth in the Introductory Statement of the Case and in the foregoing Causes of Action, was in negligent disregard of Plaintiff's physical, mental and emotional welfare.

17. Defendants' conduct constitutes extreme and outrageous conduct which no person should reasonably be expected to endure, and caused Plaintiff to sustain damages including, without limitation, enormous pain and suffering; severe, substantial and permanent disfigurement; and severe mental and emotional distress.

## FIFTH CAUSE OF ACTION

### Intentional Infliction of Emotional Distress

18. Plaintiff restates and incorporates herein by reference the preceding and subsequent allegations of this Complaint.

19. Defendants' conduct, as more fully set forth in the Introductory Statement of the Case and in the foregoing Causes of Action, was committed intentionally, willfully, and/or in reckless disregard of Plaintiff's physical and emotional well-being, and constitutes extreme and outrageous conduct which no person should reasonably be expected to endure.

20. Defendants' conduct constitutes extreme and outrageous conduct which no person should reasonably be expected to endure, and caused Plaintiff to sustain damages including, without

limitation, enormous pain and suffering; severe, substantial and permanent disfigurement; and severe mental and emotional distress.

WHEREFORE, Plaintiff respectfully request that the Court rule in her favor and against Defendants, finding and ordering that Defendants are liable pursuant to the Causes of Action alleged herein; and that Plaintiff is thereby entitled to recover damages in an amount in excess of $10,000.00, with the exact amount to be determined by a jury, for all damages directly and proximately caused thereby, including, but not limited to, actual, compensatory, consequential and liquidated damages, including back pay and front pay; damages for emotional, mental and physical pain and suffering; and punitive damages in excess of $10,000.00, with the exact amount to be determined by a jury. Plaintiff further requests an award for the costs and expenses incurred in bringing this lawsuit; interest; attorney fees; and any other relief this Court deems fit and proper under the circumstances.

Respectfully Submitted,

RAPHAEL T. GLAPION, P.C.

_____
Raphael T. Glapion, OBA# 19466
433 N. Air Depot Boulevard #7
Midwest City, OK 73110
Phone: 405-464-5998
Fax: 405/610-1955
Email:
ATTORNEY FOR PLAINTIFF

**ATTORNEY LIEN CLAIMED**
**JURY TRIAL DEMANDED**