### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ALLISON B. BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | NO. CIV-21-0998-HE |
| | ) | |
| INTRUST BANK, N.A., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER

Plaintiff Allison B. Brown filed this case is state court, asserting claims arising out of her termination of employment by defendant Intrust Bank, N.A. The case was removed to this court and defendants moved to dismiss for failure to state a claim. After plaintiff failed to respond to the motion, the court granted it but granted leave to plaintiff to file an amended complaint. Plaintiff has since filed an amended complaint which is substantively identical to her state court petition.[1] Defendants have again moved to dismiss for failure to state a claim.

The amended complaint purports to state a federal RICO claim and state law claims for wrongful termination, retaliatory discharge, and both negligent and intentional infliction of emotional distress. The claims are based on or related to her allegation that defendants engaged in fraudulent conduct by instructing their managers to stop referring qualified banking customers to an outside "wealth department," with the aim of

---

[1] *Plaintiff did amend her RICO claim to specifically allege that defendants' plan to maintain customer investment funds violated the RICO statutes because it amounted to bank fraud in violation of 18 U.S.C. § 1344 or money laundering in violation of 18 U.S.C. § 1957.*

"maintaining customer investment funds within the bank." Plaintiff alleges she was discharged for criticizing and reporting this "fraudulent scheme."

To withstand a motion to dismiss under Rule 12(b)(6), the complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).[2] The court accepts all well-pleaded factual allegations of the complaint as true and views them in the light most favorable to the nonmoving party. S.E.C. v. Shields, 744 F.3d 633, 640 (10th Cir. 2014). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" will not be accepted as true by the court and are insufficient to oppose a motion to dismiss. *Id.*

The amended complaint fails to allege facts which support any of the claims purportedly asserted. As to the civil RICO claim, federal law makes it "unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity." 18 U.S.C. § 1962(c). "In sum, a violation of § 1962(c) consists of: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." CGC Holding Co., LLC v. Hutchens, 974 F.3d 1201, 1210 (10th Cir. 2020).

---

[2] *Contrary to plaintiff's suggestion,* Conley v. Gibson, *355 U.S. 41 (1957), does not state the pleading standard applicable in federal court.*

The amended complaint contains no allegations which support an inference that defendants engaged in any racketeering activity, much less a pattern of it. The alleged facts do not support an inference of bank fraud or other fraudulent activity and plaintiff's wholly conclusory allegations of "fraudulent" conduct are insufficient. A plausible RICO claim is not stated.

The wrongful termination and retaliatory discharge claims are based on allegations that defendants discharged Plaintiff due to her criticisms of defendants' "fraudulent" banking practices and her refusal to engage in them. But Oklahoma is an at-will employment state and Oklahoma law generally permits an employer to discharge an employee for refusing to follow instructions or any other non-prohibited reason. Oklahoma recognizes exceptions to that doctrine, in the form of claims for wrongful termination or retaliatory discharge, only "where an employee is discharged for refusing to act in violation of an established and well-defined public policy or for performing an act consistent with a clear and compelling public policy." Burk v. K-Mart, 70 P.2d 24, 29 (Okla. 1989). Plaintiff's conclusory allegation that defendants engaged in fraudulent conduct does not adequately identify a well-defined or clear and compelling Oklahoma public policy. Plaintiff's purported wrongful termination and retaliatory discharge claims therefore fail to state plausible claims for relief.

Likewise, plaintiff's negligent[3] and intentional infliction of emotional distress claims fail to state plausible claims for relief. Both claims involve only conclusory recitations of the elements of claims without factual support. They do not allege a basis for concluding that any defendants' conduct was improper, much less extreme and outrageous as required for such torts.

As no basis for claim is stated against any defendant, it is unnecessary to belabor the particular issues as to Intrust Financial Corporation and Thomas O'Keefe other than to note there are zero factual allegations against either of them beyond their status as the owner and president, respectively, of Intrust Bank.

Accordingly, defendants' Motion to Dismiss [Doc. #16] is **GRANTED** and the amended complaint and the case as a whole are **DISMISSED.** The dismissal is without prejudice but, as plaintiff has already had one opportunity to cure these deficiencies and as jurisdiction is doubtful in any event,[4] the dismissal is without leave to amend.

**IT IS SO ORDERED**.

Dated this 2nd day of February, 2022.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE

---

[3] "[I]n Oklahoma the negligent causing of emotional distress is not an independent tort, but is in effect the tort of negligence." <u>Schovanec. v. Archdiocese of Oklahoma City</u>, 188 P.3d 158, 173 n.22 (Okla. 2008).

[4] The amended complaint says jurisdiction is based on 28 U.S.C. § 1332, but both plaintiff and defendant O'Keefe are alleged to be Oklahoma residents. The only purported federal claim is the civil RICO claim and it is particularly implausible in these circumstances.